# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARYL SIMON, | : | Civil No. 1:23-CV-00256 |
| Petitioner, | : | |
| v. | : | |
| WARDEN RACHEL THOMPSON, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Petitioner Daryl Simon's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner is a federal inmate currently housed at the Federal Correctional Institution Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania. His petition alleges a violation of due process in the course of a disciplinary proceeding that resulted in the loss of good conduct time credit. (*Id*.) For the following reasons, the court will dismiss the amended petition and close the case.

### BACKGROUND AND PROCEDURAL HISTORY

On February 5, 2022, Petitioner was issued an incident report alleging misconduct pertaining to FCI-Allenwood's email communication system "Trulincs." (Doc. 6, p. 2; Doc. 9, p. 3.)[1] The incident report No. 28238-054 states that Petitioner received multiple emails from amyalbee75@riptractors.com that

---

[1] For the ease of reference, the court utilizes the page numbers from the CM/ECF header.

1

contained the results from internet searches. (Doc. 6-2.) It states that the email address "has been identified as 3rd party e-mail forwarding service that allows the inmate unmonitored internet access to perform seracs." (*Id.*) The incident report states that this conduct violated Prohibited Act Code 296. (*Id.*)

A hearing was held on March 31, 2022. (Doc. 6-3, p. 1.) Petitioner requested staff representative M. Sheets, who "was disclosed all documents in reference to this case and noted no discrepancies in the discipline process," "met with [Petitioner] in advance of the hearing to discuss the case," and "stated [Petitioner] made no requests of him with regard to his appearance at this hearing." (*Id.*) At the outset of the hearing, Petitioner stated that "It's just a company that does Google searches." (*Id.*) Petitioner did not cite any procedural issues and provided no documentary evidence. (*Id.*) Petitioner requested witness Correctional Officer S. Bussey to testify to "mail monitoring procedures," but the Discipline Hearing Office ("DHO") did not find this policy information relevant to the charged behavior of Petitioner's requested internet searches. (*Id.*, p. 3.) The DHO found that Petitioner violated Act "299 (296)" and sanctioned Petitioner 27 days good conduct time credit and three months of loss of email privileges. (*Id.*, pp. 5–6.) The DHO report states that Petitioner was advised of his appeal rights. (*Id.*, p. 6.)

Petitioner appealed the DHO report and sanctions on April 20, 2022, by filing a BP-10 form and attachments. (Doc. 6-6.) The appeal was denied on July 15, 2022. (Doc. 6-12.)

Petitioner included a document that he represents to be his is appeal to the General Counsel. (Doc. 6-7.) This is a single page referring that is dated September 7, 2022 and is not accompanied by a BP-11 form. (*Id.*) He also included a certified mail receipt dated September 2022 addressed to the Office of General Counsel FBOP. (Doc. 6-5.) Petitioner states that he mailed the BP-11 form on September 9, 2022, and has not received a response to this appeal to the General Counsel. (Doc. 6, p. 4.)

Petitioner filed the instant petition for writ of habeas corpus in February of 2023. (Doc. 1.) On April 3, 2023, the court dismissed the petition without prejudice for failing to name a proper respondent. (Doc. 5.) Petitioner filed an amended petition on May 4, 2023, naming the appropriate respondent, Warden Rachel Thompson ("Respondent"). (Doc. 6.) The court entered an order to serve the amended petition on Respondent. (Doc. 7.) Respondent filed a response on June 14, 2023. (Doc. 9.) Petitioner filed a traverse of June 28, 2023. (Doc. 10.) The petition is now ripe to be addressed by this court.

**DISCUSSION**

Liberty interests protected by the Fifth Amendment may arise either from the Due Process Clause itself or from statutory law. *Torres v. Fauver*, 292 F.3d 141 (3d Cir. 2002). It is well-settled that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. *Id.*

Since Petitioner's sanctions included the loss of good conduct time, he has properly identified a liberty interest in this matter. Respondent responds that Petitioner failed to exhaust his administrative remedies and, in the alternative, was afforded all the due process owed to him through the disciplinary review process. (Doc. 9.) The court finds that Petitioner failed to exhaust his administrative remedies and the petition will be dismissed for this reason.

While § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a § 2241 petition. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2)

4

permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *See id*. at 761–62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).  Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice." *See id*. at 762.  Exhaustion is not required, however, if there is no opportunity to obtain adequate redress, if the issue presented only pertains to statutory construction, or if the prisoner makes an affirmative showing of futility.  *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3rd Cir. 1986); *Bradshaw*, 682 F.2d at 1052.

The BOP has a two-step administrative remedy program to appeal a DHO decision.  *See* 28 C.F.R. §§ 542.10–542.19.  First, an inmate dissatisfied with the DHO's decision may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *See id*. §§ 542.14(d)(2), 542.15(a).  Second, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." *See id*. § 542.15(a).  The General Counsel will respond within 40 days.  28 C.F.R. § 542.18.

"If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.*

Petitioner alleges that he has exhausted his administrative remedies by filing a BP-11 form with the Central Office[2] on September 9, 2022. (Doc. 6, p. 4.) As evidence, he includes a typed single page of the appeal packeted and the certified mail receipt with his petition. (Docs. 6-5, 6-7.) However, he does not include a copy of any BP-11 form. He further alleges that he never received a response to his September 9, 2022 appeal. (Doc. 6, p. 4.)

In turn, Respondent alleges that there is no evidence that an appeal was filed with the General Counsel or received by the Central Office. (Doc. 9, p. 8; Doc. 9-2, p. 3; Doc. 9-8, pp. 5–6.) Respondent additionally highlights that 28 C.F.R. § 542.15(b)(1) requires the filing of a BP-11 form, and Petitioner has failed to show that he filed the required form. (Doc. 9, p. 8.)

Petitioner's traverse asserts that he sent the BP-11 form and it is not his responsibility to ensure that the form is received after he placed it in the mail. (Doc. 10, pp. 1–2.) He also states that according to the USPS website, the appeal was delivered to the General Counsel on September 13, 2022. (*Id.*, p. 2.) However, he does not attach a print-out of the confirmation page. The court used

---

[2] Pursuant to 28 C.F.R. § 542.15(b)(3), the BP-11 form is to be sent to the Central Office.

the tracking number from the certified mail received, Doc. 6-5, and confirmed that it was received at 11:25 a.m. on September 13, 2022. *See* https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=70212720000144957423 (accessed May 16, 2024).

Although there is a factual issue regarding whether or not a BP-11 form was included with the appeal document sent on September 9, 2022, Petitioner has failed to establish that any appeal documentation that was timely. The initial appeal to the Regional Director was denied on July 15, 2022. (Doc. 6-12.) An appeal of the Regional Director's response was due within 30 calendar days of the "date the Regional Director signed the response." 28 C.F.R. § 542.15(a). Petitioner was made aware of this deadline on the July 7, 2022 Administrative Remedy denying his appeal: "If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received . . . within 30 calendar days of the date of this response." (Doc. 6-12, p. 3.) Therefore, the September 9, 2022 appeal packet, regardless of its contents, was untimely. As, such, even if the BP-11 form was included in the documents sent via certified mail, it was not sufficient to exhaust the administrative remedies. Accordingly, the court will dismiss this petition for failure to exhaust the administrative remedies.

## CONCLUSION

For the reasons set forth above, the court will dismiss the amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and close the case. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: July 8, 2024